**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ANGELIQUE AUSTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1548 |
| vs. ) | |
| ) | |
| I.C. SYSTEM, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES the Plaintiff, ANGELIQUE AUSTIN, by and through her attorneys, LUXENBURG & LEVIN, LLC, and for her Complaint against the Defendant, I.C. SYSTEM, INC., Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq*.

**JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

**PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Cleveland, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of Minnesota, which is licensed to do business in Ohio and which has its principal place of business in St. Paul, Minnesota.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about October of 2011 in attempts to collect the aforementioned alleged debt.

9. Defendant's agents, representatives and/or employees continued to contact Plaintiff by telephone while she was working even after Plaintiff informed the callers on numerous occasions that she operates a taxi and was not permitted to take telephone calls while working.

10. During at least one of one the aforementioned telephone communications, Defendant's agents, representatives and/or employees threatened to take Plaintiff to court and indicated that they would be "filing" in her county.

11. To date, Defendant has not filed a lawsuit against Plaintiff in regard to the alleged debt.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Communicating with Plaintiff at her place of employment after she advised Defendant that her employer prohibited her from receiving such phone calls while she is working, in violation of 15 U.S.C. § 1692c(a)(3);

    b. Communicating with Plaintiff at a time and/or place which should be known to be inconvenient to her, in violation of 15 U.S.C. § 1692c(a)(1);

    c. Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    d. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

    e. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    f. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to

3

  obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

 g.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12.  As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ANGELIQUE AUSTIN, respectfully prays for a judgment against Defendant as follows:

 a.  Statutory damages of $1,000.00 for each violation of the FDCPA;

 b.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

 c.  Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

13.  Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

14.  Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

15.  Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(D), as Defendant is in the business of effecting or soliciting consumer transactions.

16.  Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

17. Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

18. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

19. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, ANGELIQUE AUSTIN, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $200.00 for each violation of the OCSPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

                                                Respectfully Submitted,

                                                /s/ Mitchel E. Luxenburg
                                                Mitchel E. Luxenburg (0071239)
                                                David B. Levin (0059340)
                                                Attorneys for Plaintiff
                                                Luxenburg & Levin, LLC
                                                23875 Commerce Park, Suite 105
                                                Beachwood, OH 44122
                                                (888) 493-0770, ext. 301 (phone)
                                                (866) 551-7791 (facsimile)
                                                Mitch@LuxenburgLevin.com